IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| DAMARLIN JOHNSON, No. K66206, | ) ) ) |
| Plaintiff, | ) ) |
| vs. | ) Case No. 16-cv-00093-MJR ) |
| D. SANDERS, C. ROTH, and K. WESTERMAN, | ) ) ) ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

**REAGAN, Chief District Judge:**

Plaintiff Damarlin Johnson is an inmate currently housed in Menard Correctional Center. Pursuant to 42 U.S.C. § 1983, Plaintiff brings this action for deprivations of his constitutional rights with respect to the conditions of his confinement.

This case is now before the Court for a preliminary review of the complaint pursuant to 28 U.S.C. § 1915A. The Court is required to dismiss any portion of the complaint that is legally frivolous, malicious, fails to state a claim upon which relief may be granted, or asks for money damages from a defendant who by law is immune from such relief. 28 U.S.C. § 1915A(b).

An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Frivolousness is an objective standard that refers to a claim that any reasonable person would find meritless. *Lee v. Clinton,* 209 F.3d 1025, 1026-27 (7th Cir. 2000). An action fails to state a claim upon

which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The claim of entitlement to relief must cross "the line between possibility and plausibility." *Id.* at 557. At this juncture, the factual allegations of the *pro se* complaint are to be liberally construed. *See Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

## **The Complaint**

According to the complaint, between July 30 and August 11, 2014, Plaintiff was housed in cell 413 in the North-2 segregation unit at Menard. His cell had no bed roll, or sheets, and the mattress was so dirty he opted to sleep on the bunk without a mattress. The sink did not have running water, and there were black worms crawling from the drain. Plaintiff was also not given towels, a toothbrush and toothpaste, or soap. He was not given a fan or his other personal property. His situation was made worse by the fact that the cell smelled bad, was not well ventilated, and it was hot.

Plaintiff explained his situation and asked the three defendants—C/O Sanders, C/O Roth and C/O Westerman—to move him to a different cell. A nearby cell was vacant. Each defendant explained that they could not move Plaintiff, but that they would put in a work order to have the sink repaired. During the relevant 13-day period the broken sink was not repaired, nor was Plaintiff moved to a different cell.

Based on the allegations in the complaint, the Court frames the following overarching claim.

**Count 1:  Defendants knew of and disregarded that the conditions of confinement in cell 413 amounted to cruel and unusual punishment, in violation of the Eighth Amendment.**

### Discussion

The Eighth Amendment to the United States Constitution protects prisoners from being subjected to cruel and unusual punishment.  U.S. CONST., amend. VIII. *See also Berry v. Peterman*, 604 F.3d 435, 439 (7th Cir. 2010).  To plead an Eighth Amendment conditions of confinement claim, a plaintiff need allege only that prison officials deliberately ignored conditions of confinement that failed to meet contemporary requirements of minimal decency.  *Townsend v. Fuchs*, 522 F.3d 765, 773 (7th Cir. 2008). *See also Estate of Miller, ex rel. Bertram v. Tobiasz*, 680 F.3d 984 (7th Cir. 2012).

The complaint portrays conditions that individually and together over a period of almost two weeks could plausibly violate the Eighth Amendment.  Although each defendant purportedly took some action, questions of fact remain to be explored, including what they could do to remedy the situation and what they did with the knowledge they had.   Count 1 shall proceed against all three defendants.

### Disposition

**IT IS HEREBY ORDERED** that, for the reasons stated, **COUNT 1** shall **PROCEED** against Defendants **D. SANDERS, C. ROTH and K. WESTERMAN**.

The Clerk of Court shall prepare for Defendants **D. SANDERS, C. ROTH and K. WESTERMAN**:  (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons).  The Clerk is **DIRECTED**

to mail these forms, a copy of the complaint, and this Memorandum and Order to each Defendant's place of employment as identified by Plaintiff.

If a Defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on that Defendant, and the Court will require that Defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

With respect to a Defendant who no longer can be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with the Defendant's current work address, or, if not known, the Defendant's last-known address.  This information shall be used only for sending the forms as directed above or for formally effecting service.  Any documentation of the address shall be retained only by the Clerk.  Address information shall not be maintained in the court file or disclosed by the Clerk.

Plaintiff shall serve upon Defendants (or upon defense counsel once an appearance is entered), a copy of every pleading or other document submitted for consideration by the Court.  Plaintiff shall include with the original paper to be filed a certificate stating the date on which a true and correct copy of the document was served on Defendants or counsel.  Any paper received by a district judge or magistrate judge that has not been filed with the Clerk or that fails to include a certificate of service will be disregarded by the Court.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

Pursuant to Local Rule 72.1(a)(2), this action is **REFERRED** to **United States Magistrate Judge Stephen C. Williams** for further pre-trial proceedings.

Further, this entire matter shall be **REFERRED** to a United States Magistrate for disposition, pursuant to Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *if all parties consent to such a referral.*

If judgment is rendered against Plaintiff, and the judgment includes the payment of costs under Section 1915, Plaintiff will be required to pay the full amount of the costs, notwithstanding that his application to proceed *in forma pauperis* may have been granted. *See* 28 U.S.C. § 1915(f)(2)(A).

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address no later than **7 days** after a transfer or other change in address occurs. Failure to comply with this order may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED: March 1, 2016**

*s/ Michael J. Reagan*
**MICHAEL J. REAGAN**
**CHIEF JUDGE**
**UNITED STATES DISTRICT COURT**